IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TAVACHIE RANKIN                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 4:05CV191LA

SHIRLEY ENTERKINS, FAYE A.
NOEL, MICHELLE BOYD, L.
PRUDE, EDDIE H. GATES, DARRYL
ANDERSON, WILLIE H. BOOKERT
and EDDIE CATES                                                                   DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Lee Thaggard and John Clay. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

**1.   JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff claims that he has been improperly classified as the result of a Rules Violation Report that stated that he was guilty of

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

a major infraction. However, Rankin testified that such an infraction should have been turned over to the local authorities for prosecution, and his infraction had not been. He testified that he had a letter from the Lauderdale County Circuit Clerk to that effect.

Rankin also claims that the RVR in question took 729 days to be heard and that his grievance over the charge took nine months to process through the Administrative Remedies Program. In the meantime, Rankin has not been re-classified, he has been removed from the general population, and he lost trustee status time. Rankin also testified that his grievance was handled by a disciplinary hearing officer, rather than a classification officer, which is improper. He also alleges that the disciplinary hearing officer who did his appeal never completed the hearing, but that a case worker finished the paperwork without his being present.

Rankin said that he wrote Defendant Noel, the MDOC Contract Monitor, who did an investigation concerning his classification. Defendant Enterkins is sued as the classification supervisor over the case workers. Defendant Boyd is the ARP coordinator. Rankin claims that she took nine months to process his grievances because they were made against her friends. Defendant Prude is the case worker who failed to conduct a hearing on his appeal, in retaliation for his first lawsuit. Defendant Cates signed off on classification papers that were not prepared by a case manager, without investigation. Defendant Anderson is sued as the warden of the facility; Rankin admitted that he had no personal participation in the events at issue. Defendant Bookert is the disciplinary hearing officer. Rankin alleges that he did the case worker's job instead of letting her do her own job.

## 2. DISCOVERY ISSUES and PENDING MOTION

Defense counsel will be required to provide Rankin and the court with a copy of his institutional classification and disciplinary records. These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit. They will also be required to provide the Plaintiff and the court with a copy of the policy for handling disciplinary/classification grievances and appeals. There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

## 3. TRIAL WITNESSES

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter. When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

## 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall produce the records described above to the Plaintiff by February 28, 2007. The deadline for submitting motions in this matter is March 30, 2007. If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 6th day of February, 2007.

S/Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE